**YU GUO NIE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–4674–ag.**

United States Court of Appeals, Second Circuit.

July 12, 2007.

Aleksander B. Milch, Christophe & Associates, P.C., New York, New York, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Lisa D. Cooper, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Guo Nie, a citizen of the People's Republic of China, seeks review of a September 15, 2006, order of the BIA affirming the April 6, 2005, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Yu Guo Nie*, No. A98 415 472 (B.I.A. Sept. 15, 2006), *aff'g* No. A98 415 472 (Immig. Ct. N.Y. City, April 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, that is, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

## I. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excuse the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" include those issues over which the courts traditionally exercised jurisdiction in "habeas review over Executive Detentions." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 327 (2d Cir.2006). A petitioner does not raise a question of law where he challenges only "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion." *Id.* at 329.

■ Here Nie has challenged only purely factual determinations and the agency's exercise of discretion. *Id.* at 330. Accordingly, we lack jurisdiction to review his claims, and his petition will be dismissed to the extent that it challenges the denial of his asylum claim.

## II. Withholding of Removal

■ Eligibility for withholding of removal and relief under the CAT are not subject to the one-year bar, and we must consider them regardless of the timeliness of the initial asylum request. *See Xiao Ji Chen*, 471 F.3d at 332, 340. However, we cannot review these claims on the basis of the present record because the reason for the agency's decision is unclear. Specifically, it is unclear whether the IJ made an adverse credibility determination. Although the IJ found the petitioner's testimony to be "generally consistent," she also noted that it was "extremely general and lacking in specific details." Further, she did not make an explicit credibility finding, instead holding that the petitioner "failed to meet his burden of proving past persecution or a well-founded fear of future persecution on account of any of the grounds enumerated in the Act."

On remand, the agency should first clarify whether the agency denied the petitioner's claim on the basis of an adverse credibility decision. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000) (remanding to the BIA so it could first "decide explicitly whether or not [the petitioner's] testimony was credible"). The BIA may "choose to remand to allow the IJ to make such a finding." *Id.* If the IJ's decision is based on an adverse credibility determination, the BIA should then determine whether that determination was supported by substantial evidence. If the IJ's decision was not based on an adverse credibility determination, the BIA should explain why the petitioner was not given prior notice that the IJ would require evidence to corrobo-

rate his claims. *See, e.g., Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006) (holding that, before denying a petition because of insufficient corroboration, an IJ must give "adequate and meaningful notice to the applicant of evidence that the IJ believed was significant and missing.").

### III.  CAT Relief

■ Finally, substantial evidence supports the IJ's determination that the petitioner "offered no evidence whatsoever to establish that the Government of China would torture him if he were returned to that country." *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 134 (2d Cir.2003).

For the foregoing reasons the petition for review is DISMISSED in part, GRANTED in part, and DENIED in part; the order of the BIA is VACATED in part; and the case is REMANDED for further proceedings. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.